**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | |
|---|---|
| Johann E. Jordan, ) | Criminal Action No. 5:10-cr-665-MBS |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Movant Johann E. Jordan seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

**I. PROCEDURAL BACKGROUND**

On June 16, 2010, a federal grand jury returned an indictment charging Movant with: (1) conspiring to distribute cocaine, crack cocaine, and marijuana; (2) possessing marijuana; (3) carrying a firearm in furtherance of a drug trafficking crime; and (4) being a felon in possession of a firearm. ECF No. 2 (Counts 1, 9, 10, and 11). On October 17, 2010, the Government filed an information notifying Movant that he was subject to increased penalties under 18 U.S.C. § 851 based upon his two prior drug convictions in South Carolina state court for marijuana possession with intent to distribute.[1] ECF No. 271. Movant was convicted in 2000 under S.C. Code Ann. § 44-53-370 of possession with intent to distribute marijuana, which required imprisonment of "not more than five years" or a fine of "not more than five thousand dollars," "or both."[2] Movant was

---

[1] On July 27, 2000 Movant was convicted of possession of marijuana with intent to distribute (S.C. General Sessions 2000-GS-38-000687). ECF No. 271. On July 19, 2005, Movant was convicted of possession of marijuana with intent to distribute within proximity of a school (S.C. General Sessions 2004-GS-02-690). ECF No. 271.

[2] South Carolina's criminal sentencing system was overhauled in 2010. *See* Omnibus Crime Reduction and Sentencing Reform Act of 2010, 2010 S.C. Acts 273 (2010).

sentenced to two years imprisonment, suspended to six months probation. Second, Movant was convicted in 2005 under S.C. Code Ann. § 44-53-445 of possession of marijuana with intent to distribute within proximity to a school. *See* ECF No. 517-1 at 9. The statute provided that violators "must be fined not more than ten thousand dollars, or imprisoned not more than ten years, or both." S.C. Code Ann. § 44-53-445 (1976). Movant was sentenced to ten years imprisonment, suspended to twenty-four months probation.

On December 21, 2010, Movant pleaded guilty to the possession of marijuana and carrying a firearm in furtherance of a drug trafficking crime pursuant to a written plea agreement. ECF Nos. 299 & 307. On May 17, 2011, the court held a sentencing hearing. ECF No. 413. Due to Movant's two prior drug convictions, the court sentenced Movant as a "career offender" under U.S.S.G. § 4B1.1, which subjected him to an enhanced sentence. ECF Nos. 415 & 416. The court sentenced Movant to a 152-month term of imprisonment, to be followed by 4 years of supervised release. ECF No. 415. Judgment was entered on May 19, 2011. ECF No. 415.

Movant timely filed this § 2255 motion on January 26, 2012. ECF No. 517. On January 27, 2012, the court issued an order advising the Government to file a response within thirty days. ECF No. 518. On March 8, 2012, the Government filed a response in opposition and a motion for summary judgment. ECF Nos. 525 & 526. Movant subsequently filed two motions to amend (ECF Nos. 533 & 558) and retained counsel, who also filed additional briefing. *See* ECF No. 620. The motions to amend are **granted**. The court has considered Movant's additional arguments in disposing of this matter.

## II. DISCUSSION

Movant argues that he received ineffective assistance of counsel. Movant contends counsel was ineffective for (1) "not knowing the law of the circuit," especially as it related to sentencing, and for (2) "failure to challenge drug weights in applying [sentencing] enhancements." ECF No. 517 at 4-5. Petitioner also requests an evidentiary hearing. ECF No. 17 at 7. As presented in his briefing, the crux of Movant's argument as to both claims is that had counsel forecast the impact of *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010), and *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), Movant would not have been subjected to the career offender enhancement and would have received a lesser sentence.

To prove ineffective assistance of counsel, a defendant must show that trial counsel's performance was deficient. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient when it is not reasonable under prevailing professional norms. *Id.* at 688. *Strickland* requires a defendant to "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The court then must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* Even if counsel's performance is outside the wide range of professional assistance, an error by counsel will not warrant setting aside the conviction unless the defendant can also demonstrate prejudice; that is, but for the trial counsel's error the judgment would have been different. *Id.* at 694. In order to satisfy the prejudice requirement of *Strickland* in a guilty plea context, such as this one, the defendant must show that there is a reasonable probability that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *see also Hooper*

3

*v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988).

Movant argues that the rule of *Simmons* prevents him from being a career offender.[3] The Fourth Circuit in *Simmons* applied the holding of *Carachuri* to address North Carolina's unique sentencing scheme and held that for a prior North Carolina conviction to serve as a predicate felony offense, an individual must have been convicted of an offense for which that particular defendant could have been sentenced to a term exceeding one year. *Simmons,* 649 F.3d at 243–47. Because Simmons could not have been sentenced to a year or more in prison by a North Carolina court for his state law convictions, they could not serve as predicate felonies for federal-law purposes. *Id*. at 243.

*United States v. Simmons* was not decided until three months after Movant was sentenced. *See Simmons*, 649 F.3d 237 (decided August 17, 2011); ECF No. 415 (judgement against and sentence for Movant was entered on May 19, 2011). "[T]he case law is clear that an attorney's assistance is not rendered ineffective because he failed to anticipate a new rule of law." *Kornahrens v. Evatt*, 66 F.3d 1350, 1360 (4th Cir. 1995); *see also Gray v. United States*, 5:10-CR-146-FL-1, 2014 WL 2917044 at *10 (E.D.N.C. June 26, 2014) (holding in a § 2255 proceeding that "[Movant] has no claim that counsel was ineffective for failing to predict" that *Simmons* would overrule previously good case law). The court concludes that Movant's counsel's failure to predict the contents of future decisions of the Fourth Circuit is not an act or omission rendering his assistance

---

[3] While *Carachuri* is not retroactively applicable, *Simmons* is. *Compare United States v. Powell*, 691 F.3d 554 (4th Cir. 2012) (*Carachuri* not retroactively applicable) *with Miller v. United States*, 735 F.3d 141, 144-45 (4th Cir. 2013) (*Simmons* is retroactively applicable). Because *Simmons* is retroactively applicable on collateral review, prisoners who were sentenced before *Simmons* was decided may properly claim the benefit of the rule enunciated in *Simmons* and are entitled to have their sentences reviewed and, if necessary, reduced to conform to *Simmons*.

outside the "wide range" of that which is "professionally competent." *Strickland*, 466 U.S. at 90.

Further, 21 U.S.C. § 802(44) defines "felony drug offense" as an offense that "is punishable for more than one year under any law of the United States or of a State . . . that prohibits or restricts conduct relating to . . . marihuana . . . ." For the purposes of the Sentencing Guidelines, a felony offense is "any federal, state, or local offense punishable by death or a term of imprisonment exceeding one year, regardless of the actual sentence imposed." U.S.S.G. § 4A1.2(o). Under both § 802(44) and § 4A1.2 of the Guidelines, the dispositive issue is not whether a defendant actually received a sentence of more than a year, but rather whether the statute under which the defendant was convicted provided the potential for imprisonment of more than a year. Movant was convicted of two felonies that carried penalties of imprisonment for periods greater than a year. Both convictions were properly considered during the designation of Movant as a "career offender" under U.S.S.G. § 41B.1. Even if Movant's counsel had made the arguments suggested by Movant, Movant is not able to demonstrate prejudice. Application of *Carachuri* and *Simmons* to Movant's case would not yield a different result as to Movant's status as a career offender.

Movant next argues that his conviction for possession of marijuana cannot support his conviction for possession of a firearm in furtherance of a drug trafficking crime. Movant contends his counsel was ineffective for advising him to plead guilty. ECF No. 517-1 at 14-16. 18 U.S.C. § 924(c)(1)(A) provides for a term of imprisonment not less than five years for "any person who, during and in relation to any . . . drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c) (2012). A drug trafficking crime is defined as, among other things, any felony punishable under the Controlled Substances Act, 21 U.S.C. 801 et seq. 18

5

U.S.C. § 924(c)(2). Movant's conviction under 21 U.S.C. § 841(a)(1) and (b)(1)(d) is a felony punishable under the Controlled Substances Act and is, therefore, a drug trafficking crime for the purposes of 18 U.S.C. § 924(c). Movant cannot, therefore, demonstrate that his counsel was ineffective for advising him to plead guilty to the § 924(c) charge.

Finally, Movant argues that the Supreme Court's decision in *Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013), requires that he be granted relief. *See* ECF No. 620. In *Moncrieffe*, the Supreme Court applied the "categorical approach" to hold that an alien's prior drug conviction under Georgia state law did not "necessarily" correspond to a felony offense under the Controlled Substance Act and so was not, therefore, an aggravated felony for the purposes of the Immigration and Nationality Act. *Moncrieffe*, 133 S. Ct. at 1686-87. Movant argues that "[u]nder *Moncrieffe*, [Movant's] South Carolina priors do not 'necessarily' qualify for felony punishment under the [Controlled Substances Act] because of the manner in which South Carolina drafted S.C. Code Ann. §§ 44-53-370(a) & 44-53-445(A)." ECF No. 620 at 5. The fact remains, however, that Movant's counsel at pleading and sentencing could not have been expected to predict decisions of the Supreme Court two years in advance. *Kornahrens*, 66 F.3d at 1360. *Moncrieffe* cannot be used to support a claim for relief on the basis of ineffective assistance of counsel in this case.[4]

---

[4] In as much as *Moncrieffe* may be relevant to any other collateral attack, Movant waived the right to contest either his conviction or sentence unless upon grounds of ineffective assistance of counsel or prosecutorial misconduct. ECF No. 299 at 11, ¶ 15 (plea agreement). Such a waiver, provided it was knowing and voluntary, is permissible. *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005).

6

### III. CONCLUSION

For the reasons above, Movant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is **DENIED**. The Government's motion for summary judgment is **GRANTED**.

### Certificate of Appealability

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this matter, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, the court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

 s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Court Judge

October 15, 2014
Columbia, South Carolina

7