## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## ORANGEBURG DIVISION

| | |
|---|---|
| Johann E. Jordan, ) | |
| ) | Criminal Action No. 5:10-cr-665-MBS |
| Movant, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Movant Johann E. Jordan, proceeding *pro se*, filed a motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 on January 26, 2012. ECF No. 517. Respondent United States of America filed a motion for summary judgment on March 8, 2012. ECF No. 526. On October 16, 2014, the court issued an opinion and order finding that the § 2255 motion lacked merit and granted summary judgment in favor of Respondent. ECF No. 632. The court declined to issue a certificate of appealability. *Id*. This matter now is before the court on Movant's motion for reconsideration pursuant to Fed. R. Civ. P. 59(e), filed November 17, 2014. ECF No. 635.

The Fourth Circuit recognizes only three limited grounds for a district court's grant of a motion under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available earlier; or (3) to correct a clear error of law or prevent manifest injustice. *Hutchinson v. Staton*, 994 F.2d 1076 (4th Cir. 1993). The Fourth Circuit has emphasized that mere disagreement with the court's ruling does not warrant a Rule 59(e) motion. *Id*. (citing *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Movant asserts that the court improperly "denied relief solely upon the appeal waiver, despite the fact that the Government failed to invoke or otherwise rely on the appeal waiver . . ."

ECF No. 635 at 2. Movant asks the court to "reach the merits" of his claim that his counsel was ineffective for failing to raise *Moncrieffe v. Holder*, 133 S. Ct. 1678 (2012). In its prior order, the court observed in a footnote that Movant waived the right to collaterally attack his sentence except on the grounds of ineffective assistance of counsel or prosecutorial misconduct and, therefore, that *Moncrieffe* could only be raised in relation to a claim of ineffective assistance of counsel. *See* ECF No. 632 at 6 n.4. Contrary to Movant's characterization, the court reached the merits of Movant's ineffective assistance of counsel claim under *Moncrieffe*. As previously noted, "Movant's counsel at pleading and sentencing could not have been expected to predict decisions of the Supreme Court [i.e., *Moncrieffe*] two years in advance." ECF No. 632 at 6 (citing *Kornahrens v. Evatt*, 66 F.3d 1350, 1360 (4th Cir. 1995)). *"Moncrieffe* cannot be used to support a claim for relief on the basis of ineffective assistance of counsel in this case." ECF No. 632.

Movant has not established grounds for relief under Rule 59(e). Movant's motion for reconsideration (ECF No. 635) is **denied** for the reasons set forth herein and in the court's October 16, 2014 order.

## Certificate of Appealability

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this matter, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, the court **DENIES** a

certificate of appealability.

        **IT IS SO ORDERED**.

<u>s/ Margaret B. Seymour</u>  
Margaret B. Seymour  
Senior United States District Judge

Columbia, South Carolina  
December 9, 2014.

3