IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Johann E. Jordan, | ) |
|                 Movant, | ) Cr. No. 5:10-665 |
| vs. | ) |
| | ) **ORDER AND OPINION** |
| United States of America, | ) |
|                 Respondent. | ) |

Movant Johann E. Jordan was one of eight defendants named in a seventeen-count indictment filed on June 16, 2010. Movant pleaded guilty on December 21, 2010, to possession with intent to distribute a quantity of marijuana, in violation of 21 U.S.C. § 841 (Count 9); and knowingly using and carrying a firearm during and in relation to, and possession of the firearm in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count 10). Movant was sentenced on May 17, 2011, to incarceration for a period of 152 months, consisting of 92 months as to Count 9 and 60 months as to Count 10, to run consecutively. Judgment was entered on May 19, 2011. On November 13, 2005, an amended judgment pursuant to Amendment 782 was entered, reducing Movant's sentence to 137 months, consisting of 77 months as to Count 9 and 60 months as to Count 10, to run consecutively.

The presentence investigation report (PSR) prepared prior to sentencing attributed to Movant 145.10 kilograms of marijuana, 377.57 grams of powder cocaine, and 300 ecstasy pills, for a total of 258.11 kilograms of marijuana equivalent. Of this amount, 363.4 grams of powder cocaine and 4,649.4 grams of marijuana were attributed to Movant based on a proffer made by Avery Haigler, a defendant in a related criminal action. Haigler told investigators that, during 2003-2004, he sold

Movant cocaine on four occasions, bought marijuana from Movant on four occasions, and sold Movant 10-20 pounds of marijuana. Haigler also stated that he observed Movant purchasing cocaine.

On July 31, 2017, Movant, proceeding pro se, filed a motion asserting that he possesses newly discovered evidence that Haigler provided false information regarding drug deals. Movant attaches a series of handwritten, signed correspondence purportedly exchanged between him and Haigler while they were housed at FCI-Bennettsville in Bennettsville, South Carolina. The court construes Movant's motion as brought pursuant to Fed. R. Civ. P. 60(b)(2), which provides that a court may relieve a party from a final judgment on the basis of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."

As an initial matter, Movant's motion is untimely. Pursuant to Rule 60(b)(c)(1), a motion under Rule 60(b)(2) must be made no more than a year after the entry of the judgment or order or the date of the proceeding. Accordingly, Movant's motion was required to be filed no later than May 12, 2012. The time to file a Rule 60(b) motion cannot be extended. Fed. R. Civ. P. 6(b)(2).

As to the merits, Rule 60(b)(2) requires a party to show "'(1) the evidence is newly discovered since the judgment was entered; (2) due diligence on the part of the movant to discover the new evidence has been exercised; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that is likely to produce a new outcome if the case were retried, or is such that would require the judgment to be amended.'" Boryan v. United States, 884 F.2d 767 (4th Cir. 1989) (quoting Taylor v. Texgas Corp., 831 F.2d 255, 259 (11th Cir. 1987)).

Assuming for purposes of Movant's motion that Haigler is the author, the purported evidence submitted by Movant is not new. Movant was aware from his PSR that Haigler had told investigators about his dealings with Movant. Movant did not exercise due diligence by objecting to the PSR or otherwise challenging Haigler's statements.

Movant's motion (ECF No. 718) is **denied**.

**IT IS SO ORDERED.**


/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

May 29, 2019